UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-24606-CIV-ZLOCH

TIMOTHY PATRICK REARDON, *et al.*,

        Plaintiffs,

v.

THE MOST REVEREND THOMAS
WENSKI, *et al.*,

        Defendants.
_____/

**ORDER**

This matter is before the Court on Plaintiff Timothy Patrick Reardon's Motion to Transfer Case to Different Judge ("Motion to Transfer") [D.E. 10], upon referral by the Honorable William J. Zloch. *See* D.E. 5. In his Motion to Transfer, Plaintiff Reardon requests that this action be transferred to another judge. Although Reardon does not specifically ask that the case be transferred to a particular judge, he states that he filed another case, *Reardon v. Gummels*, Case No. 12-20460-CIV-MARTINEZ/MCALILEY (S.D. Fla.), that was assigned to a different judge, the Honorable Jose Martinez, and seems to suggest that the pending case should be transferred to Judge Martinez.

Reardon has stated no reason for the instant matter to be transferred to another judge, and this Court cannot independently discern a basis. First, Reardon has not identified any reason why the Honorable William J. Zloch should not continue to preside over the pending case. Second, no reason to transfer this case to Judge Martinez exists, as the case before Judge Martinez is distinct and involves different defendants. Moreover, it was filed after the above-captioned matter.

Under these circumstances, Reardon's Motion to Transfer must be denied. Cases in this district are randomly assigned to judges. *See* Internal Operating Procedures of the United States District Court for the Southern District of Florida, § 2.00.00 ("All civil and criminal cases . . . shall be assigned on a blind random basis . . . ."); *Bettis v. Toys R Us*, 646 F. Supp. 2d 1273, 1303 (S.D. Fla. 2009). As another court in this circuit has observed, "[I]t has been noted by at least one commentator that 'random assignment protects the integrity of the judicial system by leaving the pairing of cases and judges to chance.'" *Jenkins v. Bellsouth Corp.*, 2002 WL 32818728, *6 (N.D. Ala. Sept. 13, 2002) (quoting *United States v. Phillips*, 59 F. Supp. 2d 1178, 1180 (D. Utah 1999) (citation omitted)) (quotation marks omitted). The court continued,

> The random assignment of cases, and the random reassignment in the event of disqualification, has the obvious, commonsensical and beneficial purpose of maintaining the public's confidence in the integrity of the judiciary. This purpose is defeated when cases or motions are assigned, or reassigned, to judges who are handpicked to decide the particular case or motion in question. A system of random assignment is purely objective and is not open to the criticism that business is being assigned to particular judges in accordance with any particular agenda.

*Id.* (quoting *Grutter v. Bollinger*, 16 F. Supp. 2d 797, 802 (E.D. Mich. 1998). Reardon has articulated no cognizable reason for departing from the random-assignment system in this case.

For the foregoing reasons, Plaintiff Timothy Patrick Reardon's Motion to Transfer Case to Different Judge [D.E. 10] is hereby **DENIED**.

**DONE and ORDERED** this 6th day of March 2012.

_____
ROBIN S. ROSENBAUM
UNITED STATES MAGISTRATE JUDGE

cc: Hon. William J. Zloch

      Timothy Patrick Reardon
      50 Biscayne Blvd.
      Suite 3703
      Miami, Florida 33132